VAM/cm     Atty. No.: 141        Our File No.: 5409-25174

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**FILED**
NOV 16 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DIANE M. SWIER,            )
                           )
    Plaintiff,             )
                           )
v.                         )   07CV6520
                           )   JUDGE DARRAH
THEODORE STOUGH and        )   MAGISTRATE JUDGE COX
SCHNEIDER NATIONAL, INC.,  )
                           )
    Defendants.            )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

### COUNT I

NOW COMES the Defendant, THEODORE STOUGH, by and through his counsel, DOWD & DOWD, LTD., and in answer to plaintiff's complaint, states as follows:

1. On October 13, 2006, the Plaintiff, DIANE M. SWIER, was operating a motor vehicle in a general easterly direction along and upon Interstate 90 at or about M.P. 13.2, and at the Roselle Road entrance ramp in the right hand lane of traffic, in Schaumburg Township, Cook County, Illinois.

**ANSWER:** Upon information and belief, defendant admits operation and direction but is without sufficient information to admit location and the remaining allegations contained in Paragraph 1.

2. At said time and place, the Defendant, THEODORE STOUGH, was operating a Schneider National Semi-tractor and trailer in a general easterly direction in the lane to the left of the Plaintiff.

**ANSWER:** Defendant denies the allegations as stated contained in Paragraph 2.

3. That at said time and place and prior thereto it was the duty of the Defendant, THEODORE STOUGH to exercise reasonable and ordinary care with respect to the maintenance and operation of the vehicle then and there under his control so as to avoid creating an unreasonable risk of harm to the Plaintiff.

**ANSWER:** **Defendant admits only those duties imposed by law, denies such duties as being accurately pled and further denies a breach of any such duties.**

4. That the Defendant, THEODORE STOUGH, breached his duty of care by one or more of the following acts of omission or commission:

   a. Carelessly and negligently failed to keep a proper and sufficient lookout;

   b. Carelessly and negligently engaged in improper traffic lane usage in that the defendant failed to drive his vehicle as nearly as practicable entirely within a single lane and not moving from such lane until he had first ascertained that such movement could be made with safety, in violation of the Illinois Vehicle Code, Section 5/11-709(a);

   c. Carelessly and negligently attempted to change lanes without first signaling his intention to do so;

   d. Carelessly and negligently failed to properly maintain and position the right outside mirror of this vehicle;

   e. Carelessly and negligently attempted a lane change without first checking his right outside mirror;

   f. Carelessly and negligently failed to maintain the brakes of his vehicle in safe operating condition in violation of the Illinois Vehicle Code, Section 12-301;

   g. Carelessly and negligently failed to maintain the steering mechanism of the tractor and trailer of his vehicle;

   h. Otherwise carelessly and negligently operated his vehicle in excess of the speed limit in violation of Section 10-601(b) of the Illinois Vehicle Code;

   i. Carelessly and negligently operated his vehicle at a speed too fast for conditions in violation of Section 11-601(a) of the Illinois Vehicle Code;

   j. Otherwise carelessly and negligently operated a motor vehicle.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 4, subparagraphs (a) through (j) inclusive.**

5. As a direct and proximate result of one or more of the foregoing careless and negligent acts of the Defendant, THEODORE STOUGH, a collision occurred between the vehicle driven by the Defendant, THEODORE STOUGH and the vehicle driven by the Plaintiff, DIANE M. SWIER.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 5.**

6. As a result and proximate result of one or more of the foregoing careless and negligent acts of the Defendant, THEODORE STOUGH, the Plaintiff, DIANE M. SWIER, was injured in body and mind and became sore, lame and disabled and suffered pain and anguish and will continue to so suffer in the future; further, the Plaintiff was caused to incur medical expenses in endeavoring to be cured of said injuries and will incur further such expenses in the future; further, the Plaintiff was prevented from attending to her ordinary daily activities and affairs and suffered disability and/or loss of normal life and will continue to so suffer in the future; further, the Plaintiff was caused to suffer permanent disfigurement.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 6.**

WHEREFORE, Defendant, THEODORE STOUGH, prays for judgment in his favor and against Plaintiff, DIANE M. SWIER, and for costs of this action.

## COUNT II

NOW COMES the Defendant, SCHNEIDER NATIONAL, INC. (properly sued as Schneider National Carriers, Inc.), in answer to plaintiff's complaint at law, and states as follows:

(1-6)  Plaintiff, DIANE M. SWIER, realleges and incorporates paragraphs 1 through 6 of Count I of this Complaint as paragraphs 1 through 6 of Count II of this Complaint as if fully set out herein.

**ANSWER: Defendant, SCHNEIDER NATIONAL, INC. (properly sued as Schneider National Carriers, Inc.), realleges and incorporates its answers to paragraphs 1 through 6 of Count I of this Complaint as its answer to paragraphs 1 through 6 of Count II of this Complaint as if fully set out herein.**

7. That at all times mentioned herein and pertinent hereto the Defendant, THEODORE STOUGH, was operating the vehicle under this control as a servant, agent and/or employee of the Defendant, SCHNEIDER NATIONAL, INC., such that his alleged acts of careless and negligent conduct are attributable to the Defendant, SCHNEIDER NATIONAL, INC.

**ANSWER: Defendant denies the allegations contained in Paragraph 7.**

8. In addition, the Defendant, SCHNEIDER NATIONAL, INC., at all times mentioned herein or pertinent hereto, owned, controlled and/or maintained the tractor and/or trailer of the vehicle operated by the Defendant, THEODORE STOUGH, and owed an independent duty of care with respect to the maintenance of the vehicle being driven by THEODORE STOUGH.

**ANSWER: Defendant denies the allegations contained in Paragraph 8.**

9. That at all times mentioned herein and pertinent hereto the Defendant, SCHNEIDER NATIONAL, INC., breached its independent duty of care by one or more of the following acts of omission or commission.

   a. Carelessly and negligently failed to maintain the brakes of the tractor and/or trailer in proper operating condition;

   b. Carelessly and negligently failed to maintain the steering mechanism of the tractor and/or trailer of the vehicle operated by Defendant, THEODORE STOUGH.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9, subparagraphs (a) through (b) inclusive.

10. As direct and proximate result of one or more of the foregoing careless and negligent acts of the Defendant, THEODORE STOUGH, in acting as servant, agent or employee of the Defendant, SCHNEIDER NATIONAL, INC., and/or as a result of the independent acts of negligence of the defendant, SCHNEIDER NATIONAL, INC., the collision, injuries and damages previously alleged resulted.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 10.**

WHEREFORE, the Defendant, SCHNEIDER NATIONAL, INC. (properly sued as Schneider National Carriers, Inc.), prays for judgment in its favor and against the plaintiff and for costs of this action.

Respectfully Submitted,

DOWD & DOWD, LTD.

By: *Veronica A. Magaritz*
Attorneys for Defendants,
SCHNEIDER NATIONAL, INC. and
THEODORE STOUGH

### AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a cause of action.

2. Plaintiff has improperly named a defendant and/or misnomered defendant.

3. On October 13, 2006, plaintiff, Diane Swier, had a duty to exercise reasonable care in the operation of her vehicle for her safety and the safety of other motorists.

4. Notwithstanding said duty, plaintiff, Diane Swier, was negligent in one or more of the following ways:

   a. Failed to observe a vehicle that was already on the highway;

b. Failed to yield to a vehicle;

c. Was traveling at an excessive rate of speed beyond the posted speed limit;

d. Failed to avoid a motor vehicle collision;

e. Drove the vehicle without keeping it under proper and sufficient control;

f. Failed to decrease the speed of such vehicle so as to avoid colliding with another vehicle;

g. Failed to keep a proper lookout for other persons and vehicles rightfully upon said highway;

h. Failed to apply her brakes in order to avoid a collision;

i. Failed to stop her vehicle to avoid a collision.

5. As a direct and proximate result of one or more of the foregoing acts, plaintiff, Diane Swier, sustained personal injuries of which she complains.

6. Any judgment awarded to the plaintiff should be reduced by her total contributory negligence in her operation of the motor vehicle.

7. If plaintiff is determined to be 51% or more at fault for this collision, plaintiff shall be barred from any recovery.

8. Defendants reserve the right to add additional affirmative defenses.

Respectfully Submitted,

DOWD & DOWD, LTD.

By: *Veronica Magahiu*
Attorneys for Defendants,
SCHNEIDER NATIONAL, INC. and
THEODORE STOUGH

## CERTIFICATE OF SERVICE

    I, an attorney, being first duly sworn upon oath, deposes and states that I served the attached Notice to counsel of record herein, by depositing a true and correct copy of same, First-Class Mail postage prepaid, in the U.S. Mail located at 617 West Fulton, Chicago, Illinois, at or before 5:00 P.M., on November 16, 2007 to the following:

Law Office of Peter G. Limperis
5624 West 79th Street
2nd Floor
Burbank, IL 60459

Attn: Mr. Sam Panger

                              By: *Veronica Magnifico*
                                   Attorney for Defendants

Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
(312) 704-4400
(312) 704-4500 Fax