JUDGE JOHN W DARRAH                    MAGISTRATE JUDGE COX

VAM/cm                Atty. No.: 1411                Our File No.: 5409-25174

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIANE M. SWIER, ) | |
| ) | **07C 6520** |
| Plaintiff, ) | |
| ) | RECEIVED |
| v. ) | |
| ) | NOV 16 2007 |
| THEODORE STOUGH and ) | |
| SCHNEIDER NATIONAL, INC., ) | MICHAEL W. DOBBINS |
| Defendants. ) | CLERK, U.S. DISTRICT COURT |

### ORDER

THIS MATTER coming to be heard on the Motion of Defendants, SCHNEIDER NATIONAL, INC. (properly sued as Schneider National Carriers, Inc.) and Theodore Stough, for the entry of a Qualified Protective Order, due notice having been given, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED as follows:

1. The current parties (and their attorneys) and any future parties (and their attorneys) to this case are authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to **DIANE M. SWIER** subject to the conditions outlined in this order.

2. For purposes of this order, PHI shall have the same scope and definitions as set forth in 45 C.F.R. 160.03 and 160.501. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or medical condition of an individual, (b) the

provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 CFR 106.103) are hereby authorized to disclose PHI pertaining to **DIANE M. SWIER** to all attorneys now of record in this matter or who may become of record in the future of this litigation.

4. The party and its attorneys shall be permitted to use the PHI of **DIANE M. SWIER** in any manner that is reasonably connected with this litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents and consultants), the party's insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

5. At the conclusion of the litigation as to any Defendant, that Defendants and any person or entity in possession of PHI received from that defendants pursuant to paragraph four shall destroy any and all copies of PHI pertaining to **DIANE M. SWIER** except 1) the Defendant that is no longer in the litigation may retain PHI generated by him/her/it and 2) the remaining Defendants in the litigation, and persons or entities receiving PHI from those Defendants pursuant to paragraph four, may retain PHI in their possession.

6. This Order shall not control or limit the use of protected health information pertaining to **DIANE M. SWIER** that comes into the possession of any party or any party's attorney from a source other than a "covered entity" as that term is defined in 45 CFR 160.103.

7. Nothing in this order authorizes defense counsel to obtain medical records or information through means other than formal discovery requests, subpoena, depositions, pursuant to a patient authorization or through attorney-client communications. Likewise,

nothing in this order relieves any party from complying with the requirements of the Illinois Mental Health and Developmental Disabilities Confidentiality Act (740 ILCS 110/1 et seq.), the AIDS Confidentiality Act (410 ILCS 305/1, et seq.), or state and federal law that protects certain drug and alcohol records (20 ILCS 301/30-5, 42 USC 290dd-3 and 290ee-3, and 42 CFR Part 2).

_____, 2007
Enter

_____
Judge